**IT IS ORDERED as set forth below:**



Date: August 12, 2022

_____

                                      **Paul W. Bonapfel**
                                **U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| KATHY RAYDEAN RODGERS, | CASE NO. 22-54229-PWB |
| Debtor. | CHAPTER 13 |

ORDER DENYING MOTION TO RECUSE AND DISQUALIFY JUDGE

    The Debtor seeks the disqualification of the undersigned in this case pursuant to 28 U.S.C. § 455(a) based upon her contention that the undersigned has displayed a lack of impartiality, personal bias, and prejudice. [Doc. 34]. For the reasons stated on the record on August 3, 2022, and for the reasons stated herein, the Debtor's motion is denied.

The Debtor's allegations stem largely from events that occurred on July 20, 2022.

Ace Homes, LLC ("Ace"), filed a motion for relief from the automatic stay [Doc. 16]. Ace's attorney selected a hearing date of July 20, 2022, at 10:15 a.m., utilizing the Court's self-calendaring procedures and sent notice to the Debtor, Kathy Raydean Rodgers, and the Chapter 13 Trustee.

On July 20, 2022, between approximately 10:15 a.m. and 10:30 a.m., the Court's Courtroom Deputy Clerk called all motions for relief from stay that were on the calendar, including Ace's motion. This was a "virtual" hearing conducted via Zoom.gov in use via a video link or a telephone line.

At the call of Ace's motion, Ace's attorney, Christopher York, did not answer. The Courtroom Deputy Clerk announced the motion would be dismissed for want of prosecution. The Debtor was in attendance at the hearing and heard the Courtroom Deputy Clerk make this announcement, but a review of the transcript does not reflect that she announced her appearance when asked by the Courtroom Deputy Clerk.

About five to ten minutes later, Mr. York announced his appearance on the record and stated that he had been on the call earlier but had been unable to unmute himself and announce his presence. The motion was then marked ready, the Court heard the motion, and granted it.

Shortly after the conclusion of the hearing, Ms. Rodgers called the Court's Chambers for clarification on the announcement that the motion was dismissed for want of prosecution.

The Court had previously been unaware that Ms. Rodgers was on the line, although there is no reason to doubt she was because she heard the original announcement that the motion was dismissed for want of prosecution. Had the Court been aware Ms. Rodgers had called, listened, and was prepared to be heard, but disconnected when she thought the matter was over, the Court would not have conducted a hearing without her. As a result, the Court, by order and notice to the parties, rescheduled the matter for a hearing on August 3, 2022. Although Mr. York submitted an order granting the motion for relief from stay, the Court did not sign or enter it.

Two days prior to the hearing on the rescheduled motion for relief from the automatic stay, the Debtor filed her "Motion to Recuse and Disqualify for Incompetence and Act in Contempt of the United States Senate." [Doc. 34]. She contends disqualification of the undersigned is appropriate based on statements made at the July 20 hearing that she contends show bias, prejudice, incompetence, and contempt of "United States Senate Resolution 62."

Section 455 of Title 28 governs the disqualification of federal judges, including bankruptcy judges, from acting in particular cases. Rule 5004 of the Federal Rules of Bankruptcy Procedure provides that a "bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case." Of relevance to this particular case are the requirements that a judge shall disqualify himself in "any proceeding in which his

3

impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1).

The standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). The test for recusal is objective, not subjective. *United States v. Corr*, 434 F.Supp. 408, 412-413 (S.D.N.Y. 1977) (the test for disqualification under 28 U.S.C. § 455 "is not the subjective belief of the defendant or that of the judge, but whether the facts have been presented that, assuming their truth, would lead a reasonable person reasonably to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment.").

The challenged judge may rule on a recusal motion. *In re United States*, 158 F.3d 26, 34 (1st Cir. 1998); *Schurz Communications, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992) (in chambers).

As noted above, the Debtor's accusations of impartiality and bias arise largely from statements made by the undersigned at the July 20 hearing.

At the July 20 hearing, the Court heard ACE's motion for relief from the automatic stay, not knowing that the Debtor had been on the line earlier since she did not announce her presence. As the transcript of that hearing shows, the Court stated it had read ACE's motion, including the proposition that the Debtor does not own the property.

4

The Court then observed that two of the Debtor's arguments set forth in her response to the motion were "nonsense." Specifically, the Court rejected as "nonsense" the Debtor's contention that "as a result of the proof of claim filed by her, the Court has confirmed that [she] is a secured creditor and holds a secured interest against the same property in the amount of $842,657.00." The Court also rejected as "nonsense" the Debtor's attachment of the Chapter 13 trustee's final report from her previous case as evidence that she had a valid proof of claim on behalf of herself in her own case. Transcript of Hearing on Motion for Relief from Automatic Stay, ACE Homes, LLC v. Rodgers, Case No. 22-54229-pwb (July 20, 2022) (Doc. 31).

The reason the Court characterized these arguments as "nonsense" is because they have no basis in fact or law.

In her previous case, 21-51596-pwb, the Debtor filed a proof of claim on her own behalf in her own case asserting a claim for $842,657 secured by a deed recorded in Gwinnett County allegedly secured by real property located at 2275 Glynmoore Drive, Lawrenceville, Georgia.[1] An individual cannot have a secured claim or lien against property that same individual owns. The fact that she filed a "deed" in Gwinnett County that claims as much does not make it valid.

Furthermore, this Court has never "confirmed" that she is a secured creditor on property. In bankruptcy a claim is "allowed" subject to objection. The Debtor's

---

[1] She has also filed a claim on behalf of herself in the same amount in the present case, that being Claim No. 6.

5

previous case was dismissed, so there was no determination as to the validity or enforceability of her claim.[2]

As the Court stated at the August 3 hearing, a judge has a right to form an opinion about a document when he reads it. The undersigned did so and reiterated his observations on August 3.

These were the main statements made that the Debtor relies on. In her Motion to Recuse and at the hearing on August 3, 2022, she raised directly another ground: the Court's failure to follow "Resolution 62."

The Debtor argues that the undersigned should be disqualified based on his "incompetence and contempt of the United States Resolution 62." [Doc. 34, ¶ 5]. Although the Court did not explicitly address "Resolution 62" at the July 20 hearing, the Debtor asserts that it serves as the basis for her secured proof of claim and references it frequently in her motion to recuse.

"Resolution 62" is a Resolution of the United States Senate. S. Res. 62, Doc. 43, 73d Cong. (1933). The Resolution is titled, "An Article Entitled 'Contracts

---

[2] The Court notes that in the Debtor's previous case, the day after the hearing denying confirmation of her plan and dismissing her case, the Debtor submitted purported "exemplified proofs of claim." The documents themselves are exemplification certificates and certified copies of Proofs of Claim No. 2 and 7. The Debtor, however, wrote by hand on the certificates and claims, "Accepted by: Kathy Raydean Rodgers" accompanied by her signature. In addition, on the last page of each claim, someone (the Debtor, presumably) has added a stamp that states, "Pay to the Order of U.S. Treasury Special Deposit Without Recourse" accompanied by the Debtor's name and signature. Neither the Bankruptcy Court nor the Bankruptcy Clerk issues documents with such a "stamp." The documents have been tampered with and doctored. Based on the circumstances and because they were received after the dismissal of her case, the Court docketed them under seal and limited access to the Court and the United States Trustee. [Case 21-51596, Doc. 28].

6

Payable in Gold,' by George Cyrus Thorpe, Showing the Legal Effect of Agreements to Pay in Gold." A preamble to the Article reads, "Resolved, That the manuscript entitled 'Contracts Payable in Gold,' by George Cyrus Thorpe, showing the legal effect of agreements to pay in gold, be printed as a Senate document. Attest. Edwin A. Halsey, Secretary." *Id*.

"Resolution 62" is not a law.  It is not a statute. It is not a regulation. It is not a rule. As the Court explained to the Debtor on August 3, 2022, it is not legal authority binding on the Court because it is not legal authority. As a result, this Court's decision to disregard it does not show bias, prejudice, or incompetence.

When Ms. Rodgers made the Court aware that she had been present at the call of the July 20 calendar, the Court promptly issued an order and notice rescheduling the matter and explaining how the events of that date occurred. It deleted Mr. York's proposed order unsigned.  It made a docket entry on July 21, 2022, noting that the hearing on the motion for relief from stay was to be rescheduled by an order and notice to the parties. It did all these things to ensure Ms. Rodgers' due process rights were honored. It did this because every party should have a full and fair opportunity to be heard by the Court. Ms. Rodgers received that on August 3, 2022.

In sum, on July 20, 2022, the Court did not disparage the Debtor.  The Court did not criticize the Debtor.  The Court did not make any personal remarks about the Debtor.  The Court reviewed the Debtor's response and made its assessment of her legal arguments based on what she filed.

7

The outcome of the August 3 hearing was not a foregone conclusion, contrary to the Debtor's assertion. This Court conducts every hearing with an open mind and issues its rulings based on the facts and applicable law. The fact that the Debtor ordered an audio and written transcript of the hearing actually gave her an opportunity to frame her arguments to address the issues raised, but she did not do so. Instead, she persisted in the same arguments. And, in any event, the undersigned's comments that some of the Debtor's arguments were "nonsense" were not comments about the Debtor; they were observations about her misplaced reliance on theories that have no basis in fact or law. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

A judicial ruling is a ground for appeal, not recusal. *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635 (7th Cir. 2002). The Debtor is free to do so.

Based on the foregoing, the Court concludes there is no basis for recusal under 28 U.S.C. § 455. Accordingly, it is

ORDERED that the Debtor's motion for disqualification and recusal is denied.

**This Order has not been prepared for publication and is not intended for publication.**

**END OF ORDER**

**Distribution List**

Chris J. York
York Gaskill, LLC
1815 Satellite Boulevard
Suite 404
Duluth, GA 30097

Kathy Raydean Rodgers
2275 Glynmoore Drive
Lawrenceville, GA 30043

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303