

**IT IS ORDERED as set forth below:**

**Date: September 1, 2022**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

KATHY RAYDEAN RODGERS,

    Debtor.

CASE NO. 22-54229-PWB

CHAPTER 13

<u>ORDER ON DEBTOR'S REQUEST FOR JUDICIAL NOTICE AS PER FEDERAL
RULES OF EVIDENCE 201 AND 902 AND THE COURT'S DIRECTIVE</u>

At a hearing on confirmation of the Debtor's chapter 13 plan on August 10,

2022, the Debtor persisted in her argument that a Resolution of the United States

Senate, S. Res. 62, Doc. 43, 73d Cong. (1933) ("Resolution 62") was relevant to her

interest in real property and a proof of claim she has filed on her own behalf in her

case. The Court rejected this argument as nonsensical and inapplicable because the

Resolution was not a law, statute, rule, or any other type of authority that would dictate the result in this case.  Nevertheless, at the August 10 hearing, the Court stated:

> "Ms. Rodgers, I'll be happy to accept any authority that you have for the proposition that, that Senate Bill Resolution you keep talking about has ever been applied by any court in any jurisdiction in the way that you assert that it should be."[1]

 The Debtor has now filed a  request[2] that the Court take judicial notice of a case that she contends shows the United States District Court for the Northern District of Ohio and the Sixth Circuit Court of Appeals applied Resolution 62. Attached to the request is one page of a multipage document titled "Grounds to Accept This Notice of Appeal" that cites Senate Resolution 62 and what appear to be at least three references to the Federal Rules of Appellate Procedure.  At the top of the document  is an electronic signature of the District Court Judge and the statement, "To the extent this filing may be considered a motion for an extension of time to appeal, the motion is Granted. Heinz's request to extend time to appeal is granted and his notice of appeal is deemed timely." [Doc. 59 at 5].  Also attached as an exhibit is a letter from a case manager for the Sixth Circuit Court of Appeals informing the plaintiff/appellant of a briefing schedule.

---

[1] Transcript of Hearing on Confirmation of Plan, Case No. 22-54229-pwb (Aug. 10, 2022) (Doc. 53 at 27-28).

[2] Request for Judicial Notice as Per Federal Rules of Evidence 201 and 902 and the Court's Directive. [Doc. 59].

A review of the dockets of the District Court for the Northern District of Ohio and the Sixth Circuit establishes that the case involved a somewhat routine extension of time that did not involve any consideration of Resolution 62.

The documents come from the case of *Heinz v. Eradal, Inc., et al*, Case No. 5:21-cv-02263 (N.D. Ohio *dism.* Mar. 22, 2022). It is unnecessary to discuss the merits of the case except to note that Heinz filed his complaint seeking a declaratory judgment on December 1, 2021, the District Court entered an order and judgment on March 22, 2022, that denied his motion for a default judgment, dismissed the action, and certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the order could not be taken in good faith.  On June 3, 2022, the Court denied Heinz's motion for reconsideration of the order and judgment.

On July 19, 2022, Heinz filed a notice of appeal.  [5:21-cv-02263-JRA, Doc. 12 (N.D. Ohio)].  Attached to the Notice of Appeal is a two page document titled, "Grounds to Accept This Notice of Appeal" which cites to Federal Rule of Appellate Procedure 4(a)(1)(B), the appellate rule setting forth the time limit for appeal if the United States or an agency, officer, or employee of the United States is a party to the action.  In this context, Heinz cites to Resolution 62 for the principle that  the "U.S. govt. is a silent party to the action by reason of [Senate Resolution 62.]." [5:21-cv-02263-JRA, Doc. 12, Page ID # 107 (N.D. Ohio)].  Heinz also cites as grounds for a timely appeal Federal Rules of Appellate Procedure 4(a)(5) (excusable neglect or good cause) and 5 (appeal by permission).

The Sixth Circuit Court of Appeals docketed the appeal, *Heinz v. Eradal, Inc., et al.*, Case No. 22-3615 (6th Cir. July 19, 2022), and remanded shortly thereafter to the District Court for the limited question of whether the time for filing a notice of appeal should be extended.

On August 1, 2022, the District Court extended the time for the appeal. It did this not by entering an order, but by taking the first page of the "Grounds to Accept this Notice of Appeal" and adding an electronic signature at the top prefaced by the text, "To the extent this filing may be considered a motion for an extension of time to appeal, the motion is GRANTED. Heinz's request to extend time to appeal is granted and his notice of appeal is deemed timely." [5:21-cv-02263-JRA, Doc. 14 (N.D. Ohio)].

Nothing in the District Court's order granting an extension of time would lead a reasonable person to believe that it granted an extension based upon Resolution 62. This is because (1) Heinz cited three bases for an extension, none of which were addressed directly by the District Court; and (2) the District Court had previously certified that an appeal of the underlying order could not be taken in good faith. The District Court made no analysis, citation, endorsement or mention of Resolution 62 except to the extent it took the shortcut of adding its text and signature to the top of one page of Heinz's document that contained Heinz's citation of Resolution 62.[3]

---

[3] The Court's own research reveals only one published opinion that references Resolution 62, and it does not help the Debtor. In *Ramsell v. Wells Fargo Bank, N.A.*, 2022 WL 3552496 (D. Ariz. Aug. 18, 2022), the plaintiffs/petitioners sought a declaratory judgment in a district court against a number of parties regarding the

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Adjudicative facts are the facts of a particular case. A court may take judicial notice of a document filed in another court only for the limited purpose of establishing the existence of such litigation and related filings and not for the truth of the matter asserted. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation omitted)).

The Court declines to take "judicial notice" that Resolution 62 was applied in the *Heinz* case cited by the Debtor. The Court invited the Debtor to find any authority of another court applying Resolution 62 for the purpose of showing its legitimacy and relevance. First, the *Heinz* case is irrelevant to the "adjudicative facts" of this case. Indeed, Rule 201 of the Federal Rules of Evidence is arguably not applicable to this case at this stage. Second, even if Rule 201 were relevant, the order in the *Heinz* case

---

ownership and possession of real property. The court, sua sponte, ordered the plaintiffs to file an amended petition alleging subject matter jurisdiction.

After the court denied the plaintiffs' motion for reconsideration, the plaintiffs filed an amended petition that dropped the State of Arizona as a party and added as parties, the United States and the "United States Senate *as Ex Relatione*." The amended petition asserted that a federal question existed for purposes of subject matter jurisdiction by virtue of Resolution 62. The plaintiffs quoted it at length and contended that it designated the United States as the legal title holder to all property. Noting that the plaintiffs' language was "by no means a picture of clarity," the District Court rejected their argument that any federal question existed and dismissed the petition without leave to amend for lack of subject matter jurisdiction. *Ramsell*, at *2.

does not apply Resolution 62 or even discuss it.  Not only is it not entitled to judicial notice, but it is also neither relevant nor persuasive.

Based on the foregoing, the Court declines to take judicial notice of the documents provided by the Debtor.  The Debtor is free, at her continued confirmation hearing, to argue that the *Heinz* opinion or any other authority she can find supports her legal position, but these are not "adjudicative facts" for purposes of Rule 201 of the Federal Rules of Evidence.

### END OF ORDER

**\*\*This order is not intended for publication.\*\***

**<u>Distribution List</u>**

Chris J. York
York Gaskill, LLC
1815 Satellite Boulevard
Suite 404
Duluth, GA 30097

Kathy Raydean Rodgers
2275 Glynmoore Drive
Lawrenceville, GA 30043

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303