**IT IS ORDERED as set forth below:**



Date: September 9, 2022

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| KATHY RAYDEAN RODGERS, | CASE NO. 22-54229-PWB |
| Debtor. | |
| | CHAPTER 13 |
| ACE HOMES, LLC, | |
| Movant, | |
| v. | |
| KATHY RAYDEAN RODGERS and K. EDWARD SAFIR, Trustee, | |
| Respondents. | CONTESTED MATTER |

## ORDER DENYING MOTION TO STAY ORDER LIFTING STAY PENDING APPEAL

On August 12, 2022, after conducting a hearing on August 3, 2022 at which counsel for Ace Homes, LLC, and the Debtor were present and at which the Court announced its findings of fact and conclusions of law on the record, the Court entered an Order granting Ace Homes, LLC's motion for relief from the automatic stay. [Doc. 47]. The Debtor filed a notice of appeal of the Order on the same day. [Doc. 48].

The Debtor has filed a "Notice of Motion to Stay the Order Lifting the Automatic Stay Pending the Outcome of the Appeal." [Doc. 63]. Ace Homes opposes the motion. [Doc. 64]. The Court has reviewed the motion, response, and the Debtor's reply, and concludes no hearing is necessary.

Rule 8007 of the Federal Rules of Bankruptcy Procedure permits a party to move for a stay of an order of the bankruptcy court pending appeal and, ordinarily, such a motion is first made in the bankruptcy court. FED. R. BANKR. P. 8007(a)(1). *See* Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure § 24:9 (June 2022 update).

The granting of a stay pending appeal is an "extraordinary remedy" and the party seeking it must show, "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to them unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Woide*, 730 Fed.Appx. 731, 737 (11th Cir. 2018) (citations omitted). *See In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (applying this

four-part test in the context of a bankruptcy appeal under Fed. R. Bankr. P. 8007(a));

*In re Davis*, 373 B.R. 207 (Bankr. N.D. Ga. 2007) (Drake, J.) (applying Bankruptcy

Rule 8005, since amended and renumbered as Bankruptcy Rule 8007).

The Debtor has not established any factual basis as to any of the four elements in her motion to support an order staying the order lifting the stay pending appeal. Indeed, based on the record in this case, none exists.

In particular, with respect to whether the debtor shows a "substantial likelihood that she will prevail on the merits of the appeal," the Court concludes that the Debtor's appeal is frivolous and meritless.

The Court makes this observation for two primary reasons.

First, the lifting of the automatic stay does not prevent the Debtor from continuing to challenge the foreclosure of her property and the eviction process. These are not bankruptcy issues, and the lifting of the stay permits her to go forward in any nonbankruptcy forum with her arguments. An appeal, therefore, of the order lifting stay is misguided.

Second, the Debtor's incorrect interpretation of the law, particularly her reliance on "Senate Resolution 62," is particularly frivolous.

"Resolution 62" is a Resolution of the United States Senate. S. Res. 62, Doc. 43, 73d Cong. (1933). The Resolution is titled, "An Article Entitled 'Contracts Payable in Gold,' by George Cyrus Thorpe, Showing the Legal Effect of Agreements to Pay in Gold." A preamble to the Article reads, "Resolved, That the manuscript entitled 'Contracts Payable in Gold,' by George Cyrus Thorpe, showing the legal

3

effect of agreements to pay in gold, be printed as a Senate document. Attest. Edwin A. Halsey, Secretary." *Id*.

In her Reply [Doc. 68 at 3], the Debtor contends she has a high likelihood of success on appeal because Ace Homes has a "questionable interest in the property" and, based on Resolution 62, "legal title to the property, subject to the Automatic Stay, is in the U.S. Government and Kathy Raydean Rodgers is presumed to be in a Government Landlord-Tenant agreement relationship in which Kathy Raydean Rodgers is obligated to maintain the property, being in possession of the same, for the U.S. Government."

At hearings on August 3, 2022 and August 10, 2022 and in its Order denying the Debtor's Motion to Disqualify Judge (the "Disqualification Order") [Doc. 46] and in its Order on the Debtor's "Request for Judicial Notice as Per Federal Rules of Evidence 201 and 902 and the Court's Directive" (the "Judicial Notice Order") [Doc. 76], the Court has explained in detail the irrelevance of "Resolution 62."

In the Disqualification Order, the Court explained, "'Resolution 62' is not a law. It is not a statute. It is not a regulation. It is not a rule. As the Court explained to the Debtor on August 3, 2022, it is not legal authority binding on the Court because it is not legal authority."  [Doc. 46 at 7].

In the Judicial Notice Order, the Court specifically rejected the Debtor's contention that another court has applied Resolution 62 and explained at length why her contentions were factually incorrect. ("Nothing in the [Northern District of Ohio] District Court's order granting an extension of time would lead a reasonable person to

4

believe that it granted an extension based upon Resolution 62. This is because (1) [the appellant] cited three bases for an extension, none of which were addressed directly by the District Court; and (2) the District Court had previously certified that an appeal of the underlying order could not be taken in good faith. The District Court made no analysis, citation, endorsement or mention of Resolution 62 except to the extent it took the shortcut of adding its text and signature to the top of one page of [the appellant's] document that contained [his] citation of Resolution 62."). [Doc. 76 at 4].

The Court concludes that there is no substantial likelihood the Debtor would prevail on the merits of her appeal because the appeal is frivolous and meritless. If an attorney made the same arguments that the Debtor made, subject to Bankruptcy Rule 9011, the attorney would be sanctioned.

The Debtor is free to seek a stay of the order in the District Court, FED. R. BANKR. P. 8007(b), though the District Court has the discretion of conditioning such relief on the filing of a bond with the bankruptcy court. FED. R. BANKR. P. 8007(c). Based on the foregoing, it is

ORDERED that the Debtor's motion for a stay of the order lifting the automatic stay pending appeal is denied.

**END OF ORDER**

**\*\*This order is not intended for publication.\*\***

**Distribution List**

Chris J. York
York Gaskill, LLC
1815 Satellite Boulevard
Suite 404
Duluth, GA 30097

Kathy Raydean Rodgers
2275 Glynmoore Drive
Lawrenceville, GA 30043

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303